UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOBY JACOB RHODES,

       Plaintiff,

Case No. 11-14909

Honorable John Corbett O'Meara

v.

CITY OF SOUTHFIELD, *et. al.*,

       Defendants.

                                                /

**ORDER GRANTING
DEFENDANTS' JANUARY 23, 2013 MOTION TO DISMISS**

This matter came before the court on Defendants' January 23, 2013 motion to dismiss. Plaintiff Toby Rhodes filed a response February 15, 2013; and Defendants filed a reply brief February 22, 2013. Defendants filed a supplemental brief March 29, 2013. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

Plaintiff's *pro se* complaint alleges various violations of his civil rights under 42 U.S.C. § 1983. Since filing his suit, however, plaintiff Rhodes has failed to abide by the Federal Rules of Civil Procedure. On September 12, 2013, the court served the parties with a Notice of Scheduling Conference or Filing Rule 26(f) Plan, directing Plaintiff to "convene a conference with all counsel for the purpose of preparing a joint discovery plan." Plaintiff failed to comply with the directive, and counsel for Defendants sent Plaintiff a proposed discovery plan. Plaintiff did not respond.

After the scheduling conference of October 4, 2012, the court issued a scheduling order which, among other things, required the parties to serve initial disclosures under Rule 26(a) by October 22, 2012. Plaintiff failed to do so. Even after Defendants gave Plaintiff an additional two weeks to serve his disclosures, he failed to do so. Further attempts by Defendants were futile.

Defendants served Plaintiff with their First Set of Interrogatories and Requests for Production of Documents on November 7, 2012. Plaintiff failed to respond in a timely fashion. Again given an extension of time by Defendants, Plaintiff did not sign a stipulation and order compelling him to serve answers to Defendants' discovery requests, nor did he serve those answers.

Failure to serve initial disclosures subjects a party to sanctions under Rule 37. The party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 further provides additional sanctions, including dismissal of the action. Plaintiff's failure to serve initial disclosures is not substantially justified. Although in his response brief Plaintiff claims he was busy with his other court cases, it does not justify his repeated failure to comply with the court rules. Moreover, his *pro se* status does not excuse his failure to cooperate with discovery nor immunize him from sanctions. See McNeil v. United States, 508 U.S. 106, 113 (1993); In re Sharwell, 129 F.3d 1265 (6th Cir. 1997). Furthermore, his failure to serve initial disclosures in a timely fashion is not harmless. Defendants have extended deadlines in an effort to assist this *pro se* litigant, yet he has failed to honor the extensions, thereby contributing to Defendants' expense in protracted litigation.

The court may dismiss Plaintiff's case pursuant to Rule 41(b) for failure to prosecute based on the following: 1) his failure to convene a conference to prepare a joint discovery plan; 2) his failure to acknowledge Defendants' proposed discovery plan; 3) his failure to serve initial disclosures; 4) his failure to serve answers to discovery requests. These are some of the bases upon which Defendants initially moved for dismissal. Plaintiff attached to his motion response brief his interrogatories and his answers to Defendants' interrogatories. At that point, the court would have

2

denied Defendants' motion to dismiss with a stern warning that any future delays on Plaintiff's part would lead to a dismissal of his complaint.

However, before the court issued its order, Defendants filed a supplement, indicating that Plaintiff failed to attend a properly-noticed video deposition on March 29, 2013. Defense counsel was present, along with a court reporter and a videographer. They waited for Plaintiff for 30 minutes.

As of the date of Defendants' supplemental brief, Plaintiff failed to serve initial disclosures and failed to answer Defendants' Requests for Production of Documents. Enough is enough. Coupled with Plaintiff's failure to appear for the scheduled deposition, his actions constitute an utter failure to prosecute this action. Pursuant to Rule 37(b)(2)(A)(v), Rule 37(c)(1)(C), and Rule 41(b), the court will dismiss the complaint.

## ORDER

It is hereby **ORDERED** that Defendants' January 23, 2013 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date: April 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 12, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager