UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOBY JACOB RHODES,

    Plaintiff,

Case No. 11-14909

Honorable John Corbett O'Meara

v.

CITY OF SOUTHFIELD, *et. al.*,

    Defendants.
    _____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter came before the court on plaintiff Toby Jacob Rhodes' May 8, 2013 motion for reconsideration and Defendants' May 14, 2013 motion to strike Plaintiff's motion for reconsideration. No responses were filed, and no oral argument was heard.

On April 12, 2013, this court entered an order granting Defendants' motion to dismiss based on Plaintiff's refusal to cooperate with discovery and failure to prosecute. Plaintiff seeks reconsideration of the order and reinstatement of his case because he filed the action *in pro per* and is unfamiliar with "court procedure in Federal matters." Plaintiff's mot. at 1.

Further evidence of Plaintiff's unfamiliarity with court procedure is that his motion for reconsideration was filed later than the local rules allow. "A motion for reconsideration <u>must</u> be filed within 14 days after entry of the judgment or order." Local Rule 7.1(h)(1)(emphasis added). In this case the order was entered April 12, 2013; and Plaintiff did not file his motion for reconsideration until May 8, 2013, nearly a month later. On this basis alone, the court would deny the motion.

In addition, however, Local Rule 7.1(3) provides the following grounds upon which a motion for reconsideration may be granted:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

In his motion for reconsideration, plaintiff Rhodes has failed to demonstrate a palpable defect by which the court and the parties have been misled. Thus, there are no grounds for granting the motion.

Although a more liberal pleading standard may be applied to *pro se* litigants, "the lenient treatment generally accorded to *pro se* litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).

## ORDER

It is hereby **ORDERED** that plaintiff Rhodes' motion for reconsideration is **DENIED.**

It is further **ORDERED** that Defendants' May 14, 2013 motion to strike is **DENIED AS MOOT.**

                                                 s/John Corbett O'Meara
                                                 United States District Judge

Date:  July 29, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 29, 2013, using the ECF system and/or ordinary mail.

                                                 s/William Barkholz
                                                 Case Manager